JENNIE L. MEEK, as Administratrix of THOMAS R. MEEK, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER, RAILROAD COMPANY, Appellant.

*Railroad brakeman killed while uncoupling cars — unblocked frog — questions for the jury.*

On the trial of an action brought to recover from a railroad company damages for the death of a brakeman while in its employ, alleged to have been caused by his foot catching in an unblocked frog while uncoupling cars, there was no positive evidence as to whether the cars were in motion at the time.

*Held,* that the question as to whether the deceased attempted to uncouple the cars while they were in motion was a matter to be submitted to the jury.

There was evidence that there was a block in the frog before the accident, and that it had been removed apparently the day of the accident;

*Held,* that, the questions whether the deceased's foot caught in the frog when the block had been taken out, and whether it was negligence in the company not to have the frog blocked or keep it blocked, it having been blocked, were for the jury.

APPEAL by the defendant, the New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 9th day of December, 1892, upon a verdict in favor of the plaintiff rendered at the Albany Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for the death of the plaintiff's intestate, Thomas R. Meek, while a brakeman in the employ of the defendant railroad company, alleged to have been

caused by the negligence of the defendant in having a frog unblocked, in which the deceased's foot caught while he was uncoupling cars, holding him fast, so that he was crushed by the cars.

*Hamilton Harris*, for the appellant.

*J. Newton Fiero*, for the respondent.

HERRICK, J. :

It seems to me that this case turns upon questions of fact which were finally submitted to the jury. The question as to whether the intestate attempted to uncouple the cars while they were in motion, is a matter to be submitted to the jury ; there does not seem to be any positive evidence either way. There was evidence that there was a block in the frog before the accident; that it had been removed apparently the day of the accident. The question whether intestate's foot got caught in the frog when the block had been taken out, was for the jury.

Whether it was negligence not to have it blocked or keep it blocked, it having been blocked, was also for the jury.

I see no occasion for an opinion.

Judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.